**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**


**UNITED STATES OF AMERICA**

**vs.**                                              **5:05cr46/RS
5:08cv90/RS/MD**


**WILLIE CHEVELL CAMERON**

---

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 and supplement thereto (doc. 97 & 102). The government has filed a response and supporting documents (doc. 106, 107, & 108) and the defendant has not filed a reply, despite having been afforded the opportunity to do so. (See doc. 109). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.


## I. BACKGROUND

Defendant Willie Chevell Cameron and co-defendant William Kelly Strickland were charged in a two count superseding indictment with conspiracy to distribute and possess with intent to distribute marijuana, cocaine, more than fifty grams of methamphetamine (actual) and more than fifty grams of a mixture and substance

containing methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A)(viii), 841(b)(1)(B)(viii), (C) and (D), and possession with intent to distribute more than fifty grams of methamphetamine (actual) and more than fifty grams of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A)(viii), 841(b)(1)(B)(viii) and Title 18 U.S.C. § 2 on a date certain. (Doc. 24)

Defendant's first appointed attorney, Rhonda S. Clyatt, had to withdraw due to a conflict, in that she represented an individual who would be a witness against the defendant. (Doc. 29 & 34). Jonathan Dingus, his second court appointed counsel moved to withdraw for a similar reason. (Doc. 43 & 47). Mr. Dingus noted in his motion that Cameron had advised counsel that he wanted to proceed to trial and not enter a plea at the scheduled change of plea hearing. (Doc. 43). A change of plea hearing was cancelled, Spiro Kypreos was appointed to represent the defendant, and the case was set for trial.

The government filed a notice of intent to seek enhanced sentence in which it listed three prior convictions for controlled substance offenses, and indicated that defendant would be subject to a mandatory term of life imprisonment if convicted in this case. (Doc. 42). It later filed an amended notice listing only two prior convictions, and indicating that the same penalties applied. (Doc. 53).

Defendant changed his mind about entering a guilty plea, and he entered a written plea of guilty to count one of the indictment, with count two dismissed by the government. (Doc. 60, 61 & 62). In the written plea and cooperation agreement, Cameron admitted that he had two or more prior final felony drug convictions and that he was guilty of the charge contained in count one of the superseding indictment. (Doc. 61 at 2). He also agreed to cooperate fully and truthfully with the United States Attorney. (*Id.* at 3). Defendant affirmed his understanding that any prediction of the sentence to be imposed was not a guarantee or binding promise, (*id.* at 5), and finally he stated that he entered the agreement knowingly, voluntarily and upon advice of counsel.

At the rearraignment, defendant acknowledged his signature on the statement of facts, agreed to the facts set forth therein, and admitted that this was sufficient to sustain a conviction on count one of the indictment. (Doc. 84 at 15-16). The court explained to defendant that he faced a mandatory term of life imprisonment (*id.* at 16-17), but then explained the application of the Sentencing Guidelines at some length. (*Id.* at 17-19). Defendant indicated that he understood that if his sentence was different from what counsel predicted or advised him, he would be unable to withdraw his guilty plea. (*Id.* at 18-19, 20). When the court asked defendant whether he was counting on any secret promise made to him that was not written in the agreement defendant responded "No, sir. I wish I was though." (*Id.* at 21). He expressed satisfaction with his attorney's handling of his case and indicated that he had had sufficient time to discuss the case with counsel. (*Id.* at 22). Counsel reiterated for the court his contact and discussions with his client, including their discussions about Cameron's prior convictions and the sentence he faced. (*Id.* at 23-24). Defendant concurred with counsel's synopsis. (*Id.* at 24). There was some discussion of whether the defendant's prior convictions were valid, due to an apparent waiver of counsel, and Mr. Kypreos indicated that he would investigate the issue further. (*Id.* at 25-26). The AUSA, Michael Simpson summarized the "bottom line" as being that unless defense counsel discovered a significant flaw in the prior criminal convictions, or the government filed a substantial assistance motion, the court would be required to impose a life sentence. (*Id.* at 26). Defendant stated on the record that he understood there was no guarantee that the government would file a substantial assistance motion or what the court would do if such a motion were filed. (*Id.* at 26-27).

The probation officer attributed 59.5 grams of methamphetamine to the defendant, yielding a base offense level of 32. After a three level adjustment for acceptance of responsibility, his total offense level was 29. Defendant's criminal history category was III, and the applicable guidelines range was 108 to 135 months,

although the guidelines were trumped by the statutory minimum mandatory. Defense counsel objected to the calculation of defendant's criminal history category, but at sentencing he conceded that after further investigation this objection had no merit. (Doc. 85 at 3).

At sentencing, counsel indicated that he had found no basis to question the two offenses that supported the enhancement. (Doc. 85 at 3). The transcript of the defendant's plea proceeding in the prior case reflected that defendant had been questioned at the time about whether he understood he was waiving his right to an attorney and defendant stated on the record that he was doing so. (*Id.*) The transcript was made part of the record at the government's request. (*Id.* at 3-4). Mr. Kypreos stated that his client did not contest the two prior convictions. (*Id.* at 7). The court informed the defendant that if he had any basis to challenge the Georgia convictions, he had to do so at that time as he would not be able to do it later, and defendant indicated that there was no basis for such a challenge. (*Id.* at 10). There was a brief discussion of the fact that defendant's attempts at cooperation had not risen to the level of substantial assistance (*id.* at 7-8), and the court imposed the statutorily mandated sentence of life imprisonment.

Defendant appealed, and counsel filed a motion to withdraw. The Eleventh Circuit's independent review of the entire record revealed no arguable issues of merits, and defendant's conviction and sentence were affirmed. (Doc. 93). The district court was directed to amend the judgment to reflect that although count one of the superseding indictment charged conspiracy to possess with intent to distribute cocaine, marijuana, and methamphetamine, his guilty plea only encompassed methamphetamine. This error did not undermine defendant's conviction or sentence in any way. (Doc. 93 at 2).

In the present motion, defendant raises five claims of ineffective assistance of counsel, although two significantly overlap and are discussed together. The government opposes the motion in its entirety.

## II. LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing

is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Id.*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11th Cir. 2007). "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)); *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 518 F.3d 1291, 1301 (11th Cir. 2008); *United States v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not

entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle,* 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d

at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). With these standards in mind, the court will review each of defendant's claims in turn.

1. <u>Failure to Challenge the Validity of Prior Convictions</u>[1]

Defendant first claims that counsel was aware or should have been aware that the prior convictions used to enhance his sentence pursuant to 21 U.S.C. § 851 were unconstitutional because they were obtained in violation of the defendant's right to have the assistance of counsel and there was no valid knowing, voluntary or intelligent waiver of the right to counsel. This issue was addressed by counsel at the defendant's sentencing, and counsel conceded that the record of the Georgia proceedings reflected a valid waiver of defendant's right to counsel.[2] At the plea proceeding in Georgia, defendant indicated his intent to plead guilty and the following exchange took place between the defendant and the prosecuting attorney:

Mr. ORSTON: Okay. Is that because you are guilty?

DEFENDANT: Yes, Sir.

Mr. ORSTON: Okay. You are not represented by an attorney; is that correct?

DEFENDANT: No, Sir.

---

[1]Each of defendant's grounds for relief refers to a Brief in Support of Motion to Vacate, Set Aside or Correct Sentence which supplements the factual basis for the defendant's claims. No such brief was ever filed, despite defendant having been afforded an extension of time in which to file the brief. (Doc. 100). Defendant did file a supplement in which he raised an additional ground for relief, and attached an affidavit.

[2]A transcript of the plea proceedings was attached to the minutes of the sentencing hearing, doc. 71, and also submitted by the government in support of its response to the defendant's § 2255 motion. (Doc. 107).

> Mr. ORSTON: You understand you have a right to an attorney and if you can't afford one, one would be appointed by the Court to assist you in these proceedings?
>
> DEFENDANT: Yes, sir.
>
> Mr. ORSTON: And do you wish to give up your right to an attorney in these proceedings and plead guilty.
>
> DEFENDANT: Yes, sir.

(Doc. 107, at 20, Proceedings held in <u>State of Georgia v. Willie Chevell Cameron</u>). The prosecutor verified that defendant understood all of the rights he was waiving by entering a guilty plea, then the state court judge engaged in a similar colloquy with the defendant, asking:

> THE COURT: You understood you have a right to have a lawyer represent you. If you can't afford one, I'll appoint one to represent you free of charge. Do you understand that?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Understanding these facts, you're giving up your right to a lawyer and proceeding here without a lawyer?
>
> DEFENDANT: Oh, yes.

(Doc. 107 at 23, Proceedings held in <u>State of Georgia v. Willie Chevell Cameron</u>).

Despite the defendant's admission of the prior convictions at sentencing, and the fact that he admitted he understood that any challenges to the prior convictions had to be made at that time, he did not raise any such challenges. He now asserts that counsel should have conferred with him about his prior convictions because in light of his low level of education and his limited ability to read and right, it is not apparent that he fully appreciated the waiver of the right to counsel during the Georgia proceedings. He also claims that he was not counseled on any waiver of the right to receive the effective assistance of counsel during the criminal proceedings. (Doc.102, affidavit at 3-4)

Defendant has provided nothing further to the court by way of either evidence or argument to prove his entitlement to relief on this claim. His conclusory allegations that he did not understand the waiver in light of the DA's questioning of him, and the state court's acceptance of this plea, as well as his admission at sentencing in this court all weigh against him. There was no apparent basis for counsel to challenge the validity of the prior convictions, and he was not constitutionally ineffective for his failure to do so.

2. <u>Misadvice regarding Sentence</u>

Defendant next contends that counsel provided him with ineffective assistance of counsel because he advised him to plead guilty upon the representation that he would receive a sentence of approximately 184 months. As is typically true when defendant's make such claims, defendant's assertion is contradicted by the written plea agreement and his sworn statements at the plea proceeding.

As noted above, defendant's written plea and cooperation agreement indicates that he faces a mandatory minimum term of life imprisonment. (Doc. 61 at 1). It also specifically sets forth that "[a]bsent a substantial assistance motion, the Court will be required to sentence defendant to life imprisonment." (Doc. 61 at 2-3). The plea agreement also notes that the question of whether defendant has provided substantial assistance is left to the sole discretion of the United States Attorney. (Doc. 61 at 4-5).

Even more damaging to his case are defendant's own statements made under oath at his rearraignment proceeding. A defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); cf. *Holmes v. United States*, 876 F.2d 1545, 1550 (11th Cir. 1989) (trial court satisfied itself during

Rule 11 colloquy of voluntary and understanding nature of plea). Solemn declarations made under oath in open court carry a strong presumption of verity. *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629*; United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise; the subsequent presentation of conclusory and contradictory allegations does not suffice. *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629; *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984) ("[T]he presumption of truthfulness of [defendant's] Rule 11 statements will not be overcome unless the allegations in the § 2255 motion....include credible, valid reasons why a departure from those earlier contradictory statements is now justified."); *see also United States v. Gonzalez-Mercado,* 808 F.2d 796, 800 n.8 (11th Cir. 1987) (while not insurmountable, there is a strong presumption that statements made during a plea colloquy are true, citing *Blackledge* and other cases); *Downs-Morgan v. United States*, 765 F.2d 1534, 1541 n. 14 (11th Cir. 1985); *Potts v. Zant*, 638 F.2d 727, 750-51 (5th Cir. 1981) (citing *United States v. Sanderson*, 595 F.2d 1021 (5th Cir. 1979)). Consequently, a defendant "bears a heavy burden to show his statements [under oath] were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988); *United States v. Green*, 2008 WL 1923102 (11th Cir. 2008) (Table, text in WESTLAW); *United States v. Cardenas*, 230 Fed.Appx. 933, 2007 WL 2119918 (11th Cir. 2007) (Table, text in WESTLAW).

The standard plea colloquy used by the district courts is designed in anticipation of after the fact claims such as this one that "my attorney promised me" a particular sentence. In this case, even before the specific discussion about the potential sentence defendant faced, counsel noted that his client was "looking at mandatory life no matter what." (Doc. 84 at 13). The court subsequently advised the defendant that because of his two prior convictions for possession of cocaine, he faced a mandatory term of life imprisonment, and defendant indicated that he understood. (Doc. 84 at 16-17). Although the defendant's sentence would likely be

governed by the statutory mandatory minimum, the court explained in detail the operation of the sentencing guidelines to him, including the fact that the applicable guidelines range and his sentence under the guidelines might be different from any estimate his attorney may have given him. (Doc. 84 at 18-19). Defendant stated that he had reviewed the plea and cooperation agreement and understood it. The following exchange took place:

> THE COURT: Does that plea and cooperation agreement represent completely your agreement with the government?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you counting on any secret promise made by – made to you that's not written in that plea and cooperation agreement?
>
> THE DEFENDANT: No, sir. I wish I was though. I'm sorry, sir. I'm sorry.
>
> THE COURT: Do you understand the terms of the plea agreement?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Has anyone made any promises to you other than what's set forth in that plea agreement in an effort to induce you to plead guilty?
>
> THE DEFENDANT: No, sir.

(Doc. 84 at 21).

Defense counsel Mr. Kypreos summarized his communications and contact with the defendant, including the fact that he had explained to his client that with two prior felony convictions, defendant was facing a life sentence. (Doc. 84 at 24). The Assistant United States Attorney reiterated the fact of the life sentence. (Doc. 84 at 26). Mr. Kypreos then re-advised his client on the record that there was no guarantee that the government would file a substantial assistance motion or how the judge would rule on such a motion if it were filed, and twice repeated the fact that there was no guarantee of any other sentence. (*Id.* at 26-27).

Attorney Kypreos' affidavit filed with the government's response to the § 2255 motion indicates that he advised his client, because the government had a strong case against him and there was little chance for acquittal, his best chance to limit his sentence was to plead and cooperate with the government, in hopes of receiving a substantial assistance motion. Counsel specifically stated, as he had at the rearraignment, that he "could not guarantee that the government would file a motion . . . or, if a motion were filed, how the Judge would rule on it." (Doc. 108).

Even defendant's affidavit submitted in support of the instant motion indicated only that counsel had represented to him that there was a "significant likelihood" that the government would file the substantial assistance motion. (Doc. 102, exh. 1 at 2). A "significant likelihood" is neither a promise nor a guarantee and does not call into question the sworn statements made by the defendant during his plea colloquy. The record clearly refutes defendant's after the fact allegation that he relied on a promise from counsel in entering his guilty plea, and he is not entitled to relief.

3. <u>Failure to ensure the defendant obtained the benefit of his plea</u>

In grounds three and five, defendant asserts that counsel was constitutionally ineffective because he failed to assist the defendant in fulfilling the terms of his plea agreement, and he failed to seek specific performance from the government. Defendant specifically refers to the filing of a substantial assistance motion.

The decision to file a 5K1 motion is a matter of prosecutorial discretion. *United States v. Nealy,* 232 F.3d 825, 831 (11th Cir. 2000), *cert. denied,* 122 S.Ct. 552, 151 L.Ed.2d 428 (2001); *United States v. Orozco,* 160 F.3d 1309, 1315 (11th Cir. 1998); *United States v. Forney*, 9 F.3d 1492, 1501 (11th Cir. 1993). The government has a power, not a duty, to file such a motion when a defendant has substantially assisted. *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992). Even plea agreements that require the government *to consider* whether the

aid to the prosecution constitutes substantial assistance do not create a contractual duty to file a 5K1 motion. *Forney*, 9 F.3d at 1499-1500. Judicial review of a decision not to file a 5K1 motion is appropriate only where there is an allegation and substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion. *Wade*, 504 U.S. at 185-86, 112 S.Ct. at 1843-44, 118 L.Ed.2d 524; *United States v. Dorsey*, 512 F.3d 1321, 1324 (11th Cir. 2008); *Nealy*, 232 F.3d at 831. The Eleventh Circuit has held that refusing to file a 5K1.1 motion in retribution for the exercise of the Sixth Amendment right to a trial by jury is an unconstitutional motive under *Wade*. *Dorsey*, 512 F.3d at 1325. In such a situation, the district court may have the authority to depart absent a motion by the government if the defendant makes a "substantial showing" that the government's refusal to file a substantial assistance motion was based on an unconstitutional motive. *Id.*

A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or even to an evidentiary hearing. *Dorsey,* 512 F.3d at 1324 (citing *Wade,* 504 U.S. at 186, 112 S.Ct. at 1844). A defendant may be entitled to relief, however, if he shows that the prosecutor's refusal to file such a motion was "not rationally related to any legitimate government end." *Wade*, 504 U.S. at 186, 112 S.Ct. at 1844. No such allegations are present in this case.

Furthermore, filing of a certification of substantial assistance generally signifies that the defendant's assistance has yielded actual, useful results, not merely that the defendant made a substantial good faith effort in his attempts to assist. *See United States v. Gonsalves*, 121 F.3d 1416, 1419 (11th Cir. 1997) (citation omitted). "The substantial assistance regime is not a spoils system designed simply to reward a cooperative defendant; it is designed to benefit the government in its prosecution efforts." *United States v. Orozco*, 160 F.3d 1309, 1315 (11th Cir. 1998), *cert. denied*, 528 U.S. 1082, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000). A defendant's

disappointment that his attempts at cooperation did not rise to the level of substantial assistance, which appears to be what occurred in this case, does not alone warrant a finding that the motion should have been filed.

The government states that the only assistance the defendant has given is a proffer that was mentioned at sentencing. (Doc. 85 at 8). At that time AUSA Simpson stated that although the government believed he was being truthful, and the door was open to future developments, the information provided had not risen to the level of substantial assistance. (*Id.*). Defendant has not offered any evidence or argument in support of his assertion that his assistance went beyond this proffer, and he has not suggested what counsel could or should have done to "ensure" that such a motion was filed, a motion, the filing of which he himself has admitted, was not guaranteed.

There is no indication in the record that counsel had a meritorious basis for filing a motion to compel the government to file a substantial assistance motion, and counsel was not constitutionally ineffective for failing to file a non-meritorious motion. *See, e.g. Freeman v. Attorney General, Florida,* 536 F.3d 1225, 1233 (11th Cir. 2008); see also *Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit; *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue). Defendant is not entitled to relief.

4. <u>Failure to file a motion to suppress</u>

Defendant contends that counsel was constitutionally ineffective because he failed to move to suppress evidence seized as a result of search warrants that were issued and executed in violation of the Fourth Amendment. He provides not factual or legal support for his claim.

When counsel's alleged ineffectiveness involves a failure to competently litigate a Fourth Amendment claim, in order to demonstrate actual prejudice, the defendant must prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence. *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S.Ct. 2574, 2582-83, 91 L.Ed.2d 305 (1986); *Zakrzewski v. McDonough*, 455 F.3d 1254, 1260 (11ᵗʰ Cir. 2006). Regardless of whether a defendant's guilt is established by the excludable evidence, the proper question is whether the outcome of the proceedings would have been different had the motion to suppress been filed and the evidence been excluded. *Jones v. United States*, 224 F.3d 1251, 1259 (11ᵗʰ Cir. 2000); *Huynh v. King*, 95 F.3d 1052, 1058-59 (11ᵗʰ Cir. 1996); *Thomas v. Newsome*, 821 F.2d 1550, 1552 (11ᵗʰ Cir. 1987); see also *Ward v. Dretke,* 420 F.3d 479, 488 (5ᵗʰ Cir. 2005).

In the statement of facts signed contemporaneously with the plea agreement, two search warrants are mentioned. The warrants were for the residences of defendant and of co-defendant William Kelly Strickland, and are attached as part of a separated electronic filing in this case. (Doc. 107 at 27-39)

With respect to the residence of co-defendant Strickland, the court cannot discern from the record that defendant had any privacy interest in that residence, and as such he would not have had standing to contest the search. *See Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Thus, there was no constitutional error in counsel's failure to move to suppress evidence seized from that residence.

Likewise, no meritorious grounds for a motion to suppress the search of the defendant's home are apparent from the record. The search warrant for defendant's residence was obtained by law enforcement in reliance upon the observation of a reliable confidential informant who had been legally invited to the premises. (Doc. 107 at 29). The affidavit in support of the warrant indicated that the CI was considered to be reliable because he had previously provided the Bay County

Sheriff's Office with information and assistance that had led to the arrest of at least four narcotics violators. The informant reported that he had seen what appeared to be cocaine in a quantity consistent with distribution. The CI also identified the alleged distributor of illegal narcotics at that residence by the name of Chevell, which is defendant's middle name.

As noted above, defendant has offered no factual or legal basis for challenging the search of his residence, much less one that was meritorious and would have succeeded in changing the outcome of the proceedings under the facts of this case.[3] Counsel states in his affidavit that he is unaware of any grounds that would have had a serious chance of success for challenging the searches (doc. 108), and after reviewing the record, this court can discern none. Defendant has failed to show that counsel's performance was constitutionally ineffective.

### III. Certificate of Appealability

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing)

---

[3]Even if counsel had been successful in challenging the search of defendant's residence, incriminating evidence was recovered from the site of the other search. Although the CI observed the defendant in the possession of cocaine at his residence, defendant traveled to the residence of co-defendant Strickland, his alleged "stash house" which was the site of the other search, to obtain drugs for the CI to purchase. Despite traveling in the CI's vehicle, defendant carried his own set of keys with him, which contained two safe keys. This supported the CI's statement that the drugs were stored in a safe at the stash house. (Doc. 107 at 35-36). Safes, narcotics and drug paraphernalia were recovered from the search of Strickland's residence. (Doc. 107 at 38).

(citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 97) be DENIED.

At Pensacola, Florida, this 12th day of February, 2010.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**